MATTHIAS P. SAWYER & *al. versus* WINNEGANCE MILL Co.

Where it appeared by an agreement in writing, that certain individuals named, "as proprietors of the Lilly Cove Township, on the one part, and W. M. R. and J. A. as owners of the Winnegance Mills, of the other part, have agreed to submit all claims existing between said proprietors and said Mill Company to the determination of "three persons (named) as referees;" "and said parties further agree, that said referees shall take into their account, and include in their award, all claims of said proprietors and of said company against each other, although other persons beside these parties may be or may have been joint proprietors or members of said company; and these parties severally agree to be accountable therefor;" which writing was signed by "R. & W. att'ys to said Mill Co." and by "J. S. S. att'y to Lilly Cove Township Pro."— In an action against the "Winnegance Mill Company," as a corporation, and which corporation owned the "Winnegance Mills," on an award, made by the arbitrators; — *it was held,* that the *corporation* was not a party to the agreement of submission, and was not bound by an award made by authority thereof.

THIS was an action of debt on an award of referees.

At the trial before SHEPLEY J. the plaintiffs offered in evidence, an agreement to refer, bearing date on September 15, 1843, and signed by Messrs. Randall and Whitman, as attorneys for one party, and by J. S. Sewall, for the other party. Its introduction was objected to, by the counsel for the corporation, on the ground, that Messrs. Randall and Whitman were not authorized to sign it for the corporation; and also, on the ground that it was not a contract between these parties. It was admitted, that Messrs. Randall and Whitman signed the contract by the direction of William M. Rogers. The parties agree, that the records of the corporation may be referred to, to show the authority of said Rogers to act for the corporation, and extracts from the records may be introduced by either party.

The plaintiffs then offered the award of the referees. This was objected to, as not made between the parties, and not in conformity to the submission.

The defendants submitted to a default, which was to be taken off, and a nonsuit entered, if the plaintiffs are not entitled to recover.

The following is a copy of the agreement, referred to in the report.

"This agreement, made this fifteenth day of September, A. D. 1843, witnesses, that William Hales, Samuel H. Babcock, Samuel Hunt, M. P. Sawyer, Henry B. Rogers, Samuel F. Coolidge, William Whitney, William Eager and William Tucker, all of Boston, Commonwealth of Massachusetts, as proprietors of the Lilly Cove Township, on the one part, and William M. Rogers of Bath, State of Maine, and John Agry of Hallowell, State of Maine, as owners of the Winnegance Mills, of the other part, have agreed to submit all claims existing between said proprietors and said Mill Company, to the determination of Joseph Berry, William M. Reed and John Henry, as referees, the decision of whom, or a major part of whom, to be final.

" And said parties further agree, that said referees shall take into their account, and include in their award, all claims of said proprietors, and of said company, against each other, although other persons beside these parties may be, or may have been, joint proprietors or members of said company; and these parties severally agree to be accountable therefor. Also that the notes given by said proprietors to said Rogers for two hundred and ten dollars and interest, dated Nov. 10, 1837, and May 9, 1838, which notes have been indorsed by said William M. Rogers to Otis Kimball, shall be included in this reference, and their validity determined, and if allowed, to be credited to said company, and in determining the validity of said notes, William M. Rogers shall be admitted as a legal witness.

"Randall & Whitman,

" Att'ys to said Mill Company and Kimball.

" J. S. Sewall,

" Att'y to Lilly Cove Township Pro."

The following is a copy of the award : —

" The referees agreed upon between the proprietors of the Lilly Cove Company and Wm. M. Rogers and the Winnegance Mill Company, after having heard the parties and the

evidence and arguments by them produced, do award and make this their final award and determination in the premises, to wit : — that the said William Hales, Samuel H. Babcock, Samuel Hunt, M. P. Sawyer, Henry B. Rogers and others, as members and proprietors of the ¡said Lilly Cove Company, do recover of the said Wm. M. Rogers, John Agry and others, who may be owners and proprietors of the Winnegance Mill Company, the sum of sixteen hundred dollars. — And this sum shall, when paid by the said Rogers, Agry, or the proprietors of the Winnegance Mill Company, be in full of all notes and demands between the said Lilly Cove Company, and also in full of the notes belonging to Otis Kimball mentioned in the agreement of submission made by the parties.

"Bath, Dec. 19, 1843.

> "Joseph Berry,  
> "Wm. M. Reed,  ⎬  Referees."  
> "John Henry,

The material parts of the records, to which reference is made in the report of the case, are given in the opinion of the Court.

*H. W. Paine*, for the defendants, contended, in the first place, that the plaintiffs were bound to show *in limine*, that the defendants agreed to submit the matters in controversy between them, to the determination of arbitrators, and to abide by and perform their award. In other words, that the defendants were a party to the submission. The only proof, they offer, of any such agreement is the contract of September 15, 1843. He examined this paper, and went into an argument to show, that the defendants were not a party to it. He cited *Arfridson* v. *Ladd*, 12 Mass. R. 173 ; *Simonds* v. *Heard*, 23 Pick. 120.

But the plaintiffs are bound to show not only that the defendants were made parties, but that they were made parties with their consent, that whoever undertook to represent them in the premises, and submit their claims, and make them liable, and bind them to the performance of the award, was duly empowered. He contended, that Rogers had no authority

whatever, in any capacity, or by virtue of any office in the company, held by him, to authorize the making of this submission.

The award itself is not against the defendants, but merely against certain individuals who agreed to perform the award.

*Sawyer* and *Sewall*, in their argument for the plaintiffs, contended that Messrs. Randall and Whitman had sufficient authority to sign the agreement for and in behalf of the defendants. They signed the paper as attorneys for the corporation; and the case finds, that they were employed as attorneys of the company by Rogers, the agent of the defendants. And they contended that Rogers had full power and authority to prosecute, defend and settle claims in favor and against the Mill Company, and to employ attorneys to act for and in the name of the company for that purpose. The power to refer to others the determination of controversies follows as a necessary consequence of the other powers. But were there any doubt about the authority of Rogers under the by-laws and votes of the company, the defendants have held him out to the world as their general agent, and they are bound by contracts made for them through him.    13 Mass. R. 178; 17 Mass. R. 129 and 479; 1 Pick. 215; 6 Mass. R. 193; 9 Metc. 163; 23 Pick. 120; 2 Pick. 345; 22 Pick. 85; 11 Maine R. 267; 23 Pick. 24; 19 Pick. 511; 2 Kent, 613.

The defendants were a party to the agreement of reference The attorneys, Messrs. Randall and Whitman, in signing the paper, did not act for the individuals named, but for the company. The whole subject matter of the reference was the concerns of the company, and the individuals named had no personal transactions whatever with the plaintiffs. With the other circumstances called to the attention of the Court, to show the correctness of the position contended for, was that the Kimball notes, if allowed, should be credited to the Mill Company. Unless they were parties to the reference, this could be of no avail whatever.

They also argued that the award was against the Winnegan ce Mill Company, and no one else.

*Randall*, for the defendants, replied.

The opinion of the Court was drawn up by

TENNEY J. — The defendants are a private corporation, and were duly organized under their charter, and established a code of by-laws for their regulation. The officers, who are chosen annually, are a president, secretary, treasurer and a board of five directors, the president being one, *ex officio.* " All notes given by the agent, for the purchase of logs, or other property connected with the business of the company, shall be countersigned by a majority of the directors, provided the same shall exceed five hundred dollars." Nothing further appears in the charter or by-laws, of the corporation, touching the appointment of the agent and his duties, than the language above quoted from the by-laws. William M. Rogers, who resided in Bath, about two miles from the place where the mills are situated, and where most of the business is done, has been a stockholder, since the time of the organization of the company, and other stockholders at the time of the trial lived in Hallowell and Augusta. He was duly chosen treasurer, director and agent, from the year 1839 to that of 1845, inclusive, and it did not appear by the books, that any other person was ever chosen or appointed agent of the company, or acted as such.

By the direction of Rogers, Randall and Whitman signed the name of their firm, " Randall and Whitman, Attorneys of said Mill Company," to an agreement dated Sept. 15, 1843, which is also signed by "J. S. Sewall, attorney of said proprietors," wherein the plaintiffs, as proprietors of the Lilly Cove Township, are one party, and William M. Rogers, and John Agry, the latter being president of the Mill Company, " as owners of the Winnegance Mills," are the other, submitting to the determination of three men named, all claims existing between said proprietors and said Mill Company ; and the referees were authorized to take into their account and include in their award all claims of said proprietors, and of said Mill Company against each other, although other persons besides these parties may be or may have been joint proprietors, or

members of said company, and these parties, severally agree to be accountable therefor. The referees awarded against " William M. Rogers, and John Agry and others, who may be owners and proprietors of the Winnegance Mill Company, the sum of sixteen hundred dollars."

Upon this award, the present action is brought against the defendants as a corporation; and they contend, that it cannot be maintained, insisting that they were not a party to the sub- mission ; 1st, Because Rogers had not authority to give direc- tion to those, who executed the agreement, to bind the company. 2d, Because the submission itself does not make them a party to it. Another ground of defence is, that the award does not follow the submission.

Whether the first or the last grounds of defence would avail, we give no opinion. But we are satisfied, that upon a fair construction of the submission, the defendants are not a party thereto. By its terms, the parties are the proprietors of the Lilly Cove Township, individually named, on the one side, and William M. Rogers and John Agry, as owners of the Winne- gance Mills, on the other. The agreement states that the referees were to consider *" the claims of said proprietors, and of said Mill Company, although other persons besides these parties, may be, or may have been proprietors, or mem- bers of said company, and the parties to the agreement sever- ally agree to be accountable therefor."* This language cannot be misunderstood; it is free from doubt or ambiguity. If it were the intention of Rogers to bind the company acting as agent, why was the name of Agry inserted, who it is not con- tended, could bind any other than himself? Although Rogers and Agry were owners in the mills, and the words follow their names in the submission, " as owners of Winnegance Mills," yet the agreement shows that others were interested as stock- holders; there was a propriety in its appearing that Rogers and Agry were owners, because if they were entire strangers to the company, it might be doubtful whether the agreement could have validity, for want of consideration.

The addition to the names of " Randall and Whitman,"

upon the submission, is at least equivocal in its meaning.    But
this can have no greater effect, than would the name of Rogers
with the addition of *Agent of the Mill Company;* which,
on the authority of numerous cases, would not control language
in the agreement, clearly indicating, that Rogers intended to
be individually bound, and not otherwise.

By the agreement of the parties, the default is to be taken
off and a nonsuit entered.